Lyle agt. Smith and others.

---

## SUPREME COURT.

Jacob V. N. Lyle, by Harriet V. N. Lyle, his guardian, agt. Eliza L. Smith and twelve others.

Where an infant plaintiff commenced an action for *partition*, after the appointment of a guardian by a county judge, by filing notice of *lis pendens*, on the 3d July, 1856, but had not, on the 1st September following, served upon any of the defendants any summons and complaint,

*Held*, that a party defendant, although not served with any process, had a right to apply to the court by petition, to have the plaintiff's proceedings vacated

Lyle agt. Smith and others.

and set aside, and removed out of his way, if they had been improperly insti-
tuted.

It is time the profession should take cognizance of the fact, that a *guardian ad
litem*, to prosecute and defend for an infant in an action for the partition of
lands, is not appointed in the same way as in other actions. In all ordinary
actions, the appointment may be made by the court in which the action is
pending, or by a judge thereof, or a county judge. In actions for the partition
of lands, the guardian can be appointed by the *court only*.

The appointment of a guardian *ad litem*, for an infant plaintiff by a *county judge*,
in an action for partition, is a *nullity*, and renders any proceedings in the ac-
tion by such plaintiff void, and consequently not amendable.

*Orange Special Term, Sept.,* 1856.

In Partition.

The *lis pendens* in this case was filed by A. C. Griswold, at-
torney for above plaintiff, with the clerk of Dutchess county,
on the 3d day of July, 1856. The plaintiff had not served
upon any of the defendants any summons and complaint in the
action up to 1st Sept., 1856, as appears by the affidavit of the
plaintiff's attorney.

L. Maison, one of the defendants, moves upon petition, that
the summons and complaint in this action, if any had been issued
or served, be dismissed, and that the *lis pendens* filed in above
suit, be declared to be vacated and annulled—he being desirous
that a partition or sale of the premises should be had as soon
as practicable.

The order appointing the above guardian for the plaintiff
was granted by the county judge of Dutchess county, upon an
affidavit, which did not state that Jacob V. N. Lyle was pos-
sessed of any real estate as tenant in common, or joint tenant
with any person, nor that his interest requires such partition
or sale, nor that any security had been given as required by
statute.

The plaintiff desires to amend, so as to make his proceedings
conformable to the statute. It does not appear that any notice
of such motion had been given.

Leonard Maison, *in person.*
A. C. Griswold, *for plaintiff.*

BROWN, Justice. 1st. This action is instituted in the name of Jacob V. N. Lyle, who is an infant, by Harriet V. N. Lyle, claiming to be his guardian *ad litem*, for the partition of lands; and it appears by the papers on both sides, that the petitioner, Leonard Maison, is made a party, but not actually served with process. His interest, therefore, as tenant in common of the lands sought to be partitioned, is not disputed.

2. The pendency of the plaintiff's action, although the petitioner has not been served with process therein, operates to his prejudice; for he is neither proceeded against himself, so as to enable him to be heard, nor can he institute, with any hope of being permitted to proceed, an action in his own name for the partition or sale of the lands held in common. He has, therefore, a right, in my judgment, to apply to the court by petition, to have the plaintiff's proceedings vacated and set aside, and removed out of his way, if they have been improperly instituted.

3. No suit can be instituted in a court of justice in behalf of an infant, unless it is by guardian duly appointed for that purpose. This is especially the case in actions for the partition of lands, when the title will thereafter depend upon the sufficiency of the proceedings.

4. It is time the profession should take cognizance of the fact, that a guardian *ad litem* to prosecute and defend for an infant, in an action for the partition of lands, is not appointed in the same way as in other actions. In all ordinary actions, the appointment may be made by the court in which the action is pending, or by a judge thereof, or a county judge. In actions for the partition of lands, the guardian can be appointed by the court only. Until the passage of the act of the 14th of April, 1852, no suit could be instituted on behalf of an infant for the partition of lands.

The rule of law on this subject was established by the act to which I refer, entitled, "An Act in Relation to the Partition of Lands." And an action for the partition of lands may now be instituted whenever it shall appear that the infant is possessed of real estate as tenant in common, or joint tenant, and

Lyle agt. Smith and others.

the supreme court authorize the proceedings. " Such authority shall not be given, nor shall such division, partition, or sale be directed *by the court*, unless it shall be made satisfactorily to appear that the interest of such infant requires such partition or sale. And *the court* shall appoint a competent next friend to conduct the proceedings on the part of such infant, which next friend shall be appointed upon the like application, and in the like manner, and shall give such security, and possess such powers as are specified and required in §§ 2, 3 and 4 of title 3, chapter 5, of the third part of the Revised Statutes." (*See* §§ 1 *and* 2 *of the act of* 14*th April,* 1852.)

5. These provisions are designed for the security of the infant owners of real property, and to prevent their being divested of their title, or interrupted in the enjoyment of their estates, by proceedings in partition instituted in their own names. All these salutary provisions of the statute have been disregarded in the present action. There has been no application *to the court* for authority to institute the proceedings. No next friend or guardian has been appointed *by the court*, nor has any security been given, according to the requirements of the Revised Statutes. Harriet V. N. Lyle had no more right or authority to commence an action to partition the lands held in common in the name of the infant Jacob V. N. Lyle, than she had in the name of the adult Leonard Maison. The county judge had no authority or jurisdiction to make an order appointing her the guardian *ad litem,* and consequently the proceedings are a nullity.

If I am right in the view I have taken of the nature of the action for partition, when the plaintiff is an infant, and of the powers of the county judge, then it is evident that the void proceedings are not open to amendment, or to any order *nunc pro tunc.* So far as the petitioner is concerned, he is not bound by anything of the kind.

The motion to vacate and set aside the plaintiff's proceedings is granted. It is not a case for costs.